# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA INTERNAL
REVENUE SERVICE,

       Plaintiff,

  -vs-                                          No. CIV 96-0083 LH/RLP

HARRY GARCIA; CHARTER SOUTHWEST
COMMERCIAL, INC., a New Mexico
corporation; and GAECHTER OUTDOOR
ADVERTISING, INC., a New Mexico
corporation;

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes on for consideration of the Motion to Alter or Amend Judgment to Exclude Award of Prejudgment Interest (Docket No. 80), filed April 12, 1999, by Gaechter Outdoor Advertising, Inc. (Gaechter). The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and it will be **denied**.

Gaechter moves the Court for an order altering or amending the Final Judgment entered March 30, 1999, by deleting, in whole or in part, the award of prejudgment interest to Garcia. Gaechter maintains that prejudgment interest is not justified under N.M. Stat. Ann. § 56-8-3(A), (B) or § 56-8-4(B). Gaechter further argues that the award of prejudgment interest in this case

does not further the purpose of the statutes. Finally, Gaechter complains that because Garcia did not request prejudgment interest, it did not have an opportunity to challenge such a request.

In this matter, the Court entered Final Judgment in favor of Garcia on the theory of unjust enrichment and further held:

> There being no countervailing equities, Garcia is entitled to interest at the rate of 15%, per annum, compounded annually, from the date each unpaid lease payment was due, until paid. N.M. Stat. Ann. §§ 56-8-3(B), 56-8-4(A).

(Findings Fact Conclusions Law at 6, ¶ 8.) Section 56-8-3, provides in part:

> Interest rate; no written contract.
> *The rate of interest*, in the absence of a written contract fixing a different rate, *shall be not more than fifteen percent annually* in the following cases:
> (A) on money due by contract;
> (B) *on money received to the use of another and retained without the owner's consent expressed or implied* . . . .

N.M. Stat. Ann. § 56-8-3 (emphasis added). Section 56-8-4, "Judgments and decrees; basis of computing interest," provides in pertinent part: "*Interest shall be allowed on judgments . . . for the payment of money from entry* and shall be calculated at the rate of eight and three-quarters per cent per year, *unless . . . the judgment is based on . . . bad faith, intentional or willful acts, in which case interest shall be computed at the rate of fifteen percent*." N.M. Stat. Ann. § 56-8-4(A) (emphasis added). Accordingly, the Court awarded prejudgment interest under Section 56-8-3(B) and postjudgment interest pursuant to Section 56-8-4(A). Therefore, Gaechter's arguments concerning Sections 56-8-3(A) and 56-8-4(B) are not relevant with regard to its Motion.

When the amount owed is ascertainable with reasonable certainty and involves a duty to pay a definite sum of money, prejudgment interest on claims for unjust enrichment should be awarded as a matter of right, pursuant to Section 56-8-3(B), absent countervailing equities. *Sunwest Bank*

*of Albuquerque v. Colucci*, 117 N.M. 373, 378-79 (1994). This is also true when a defendant has received the "benefit of money expended, or services or material provided by another, and has not paid over that money (or the value of the services or material) to the person entitled to reimbursement," under a theory of *quantum meruit*. *Taylor v. Allegretto*, 118 N.M. 85, 88 (1994)(affirming trial court's award of prejudgment interest when benefit conferred was in the form of labor, materials, and expertise used in construction project). Prejudgment interest, then, "constitutes an obligation to pay damages to compensate a claimant for the lost opportunity to use money owed the claimant and retained by the obligor." *Id.* (quoting *Sunwest Bank*, 117 N.M. at 477 [sic]).

Thus, absent sufficient equitable considerations shown by Gaechter, the award of prejudgment interest in this case, where Gaechter continued to benefit from the use Garcia's property, the amount of such benefit being readily ascertainable, and failed to pay for the value of its benefit, is a matter of right. Additionally, the Court finds Gaechter's contention that the purpose of prejudgment interest is not furthered because the lease payments were subject to Internal Revenue Service (IRS) tax liens disingenuous, at best. Gaechter received IRS notices of liens directing it to make any future payments it owed Garcia to the IRS and willfully failed to make such payments, knowing that Garcia reasonably relied upon Gaechter to do so. Garcia, thus, lost the opportunity of the benefit of having these monies timely credited toward the taxes he owed the IRS.

Under New Mexico law, "[e]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." *Id.*, 118 N.M. at 87 (1994)(quoting SCRA 1986, 1-054(D)(Repl. Pamp. 1992); Fed.

R. Civ. P. 54(C)). Thus, as "prejudgment interest is an element of damages[, it] will not [be] preclude[d] because a party fails to request specifically such an award." *Id.*

The issue of whether to award prejudgment interest and, if so, at what interest rate, was not specifically addressed by the parties prior to entry of the Court's Final Judgment. In its consideration of the facts and equitable positions proven at trial, however, the Court felt compelled to award prejudgment interest against Gaechter and in favor of Garcia at the maximum statutory rate. Having carefully considered the Motion presently before it, the Court remains convinced that prejudgment interest at the rate of 15% is appropriate in this case and finds that Gaechter has offered no basis in its Motion, factual, legal, or equitable, which would justify amendment or alteration.

Accordingly,

**IT IS HEREBY ORDERED** that Gaechter Outdoor Advertising, Inc.'s Motion to Alter or Amend Judgment to Exclude Award of Prejudgment Interest (Docket No. 80), filed April 12, 1999, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**